# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 10, 2013

No. 11-10050
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TOMMY DALE DANIEL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-142-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tommy Dale Daniel appeals his conviction and sentence for two counts of possession of child pornography. His first of two contentions concerns the denial of his motion to suppress. He claims: the e-mail he sent to a local television reporter, which supported the original search warrant, did not violate either statute cited in the search-warrant affidavit; and, the affidavit improperly relied upon the television reporter's unreasonable subjective fear. For these reasons, he contends the search-warrant affidavit failed to establish probable cause,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

invalidating the searches of his computer that resulted in the discovery of child pornography.

Our court employs a two-step process for reviewing the denial of a motion to suppress where a search warrant is involved. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). "First, we determine whether the good-faith exception to the exclusionary rule applies." *Id.* (internal quotation marks omitted). If it applies, the decision not to suppress must be affirmed. *Id.* Only if the exception does not apply do we proceed to the second step, determining whether there was a substantial basis for finding probable cause. *Id.*

Applying this two-step process, the district court ruled that the good-faith exception to the exclusionary rule applied. Accordingly, it did not reach whether there was a substantial basis for the magistrate judge to find probable cause. On appeal, Daniel challenges only probable cause; he does not challenge the district court's determination that the good-faith exception to the exclusionary rule applied. As Daniel does not address the district court's rationale for denying the motion to suppress, he has waived any contention he could have raised to the denial of the motion to suppress. *E.g.*, *United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

Daniel's second contention concerns the awarded restitution. He contends: the court abused its discretion in awarding $150,000 to L.S., a minor child whose abuse was depicted in child pornography possessed by Daniel; restitution awards under 18 U.S.C. § 2259 are limited to losses caused by the offense of conviction, and the evidence showed his offense conduct did not cause L.S.' losses; and, at most, the restitution award should have been limited to the nominal incremental loss to L.S. that resulted from his offense conduct. Alternatively, he contends that, if the evidence established his offense conduct was a but-for cause of L.S.' damages, § 2259 still requires that the evidence show his offense conduct proximately caused the damages.

In an *en banc* decision subsequent to the briefing in this appeal, the restitution issues presented here were resolved against the positions taken by Daniel. *In re Amy Unknown*, 701 F.3d 749, 759-74 (5th Cir. 2012) (en banc), *petition for cert. filed* (Jan. 13, 2013) (No. 12-8505). In *Amy Unknown*, our court held: the phrase "as a proximate result of the offense" applies only to 18 U.S.C. § 2259(b)(3)(F) (providing mandatory restitution for "any other losses suffered by the victim as a proximate result of the offense"); and there was no proximate-cause limitation to the remainder of § 2259(b)(3) (listing specific types of loss for which restitution is mandated). *Id.* at 752. Our court further held child-pornography victims should receive restitution awards for the full amount of their losses against each defendant convicted of possessing their images. *Id.* at 773-74. Accordingly, any error in the restitution award was in Daniel's favor. *See id.* at 774. The Government, however, has not challenged the award; nor has L.S. filed a mandamus petition challenging it. Therefore, we must uphold the award. *See id.*

AFFIRMED.